UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KAKUI LEUNG and ROCKY LEUNG | : | CIVIL ACTION NO.: |
| Plaintiffs, | : | |
| V. | | |
| GEICO GENERAL INSURANCE COMPANY and SORAYA TEIXEIRA | | |
| Defendants. | : | JANUARY 24, 2020 |

## NOTICE OF REMOVAL

To the United States District Court for the District of Connecticut:

PLEASE TAKE NOTE that Defendant Soraya Teixeira respectfully removes this action from the Superior Court of the State of Connecticut Judicial District of New London at New London to the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. § 1441, and as grounds therefore states as follows:

1.      The plaintiffs have commenced an action against the defendants in the Superior Court for the State of Connecticut, Judicial District of New London at New London, by service of a Summons and Complaint dated December 19, 2019. The plaintiffs made service upon Defendant Soraya Teixeira by way of a process server on December 27, 2019, in the State of New York. Service of process was made on GEICO

1

General Insurance Company on December 23, 2019 by way of service on the Insurance Commissioner of the State of Connecticut.  The case was assigned Docket No. KNL-CV20-6044553-S in the records and files of that court ("State Court Action").  Pursuant to 28 U.S.C. § 1446(a), the defendant hereby attaches the Summons and Complaint as Exhibit A.

2. The State Court Action is returnable to the Superior Court of the State of Connecticut Judicial District of New London at New London on January 21, 2020.

3. The State Court Action is a suit of a wholly civil nature of which the United States District Court for the District of Connecticut has original jurisdiction under 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

4. The plaintiffs and each of the defendants are completely diverse, and the defendants are not citizens of Connecticut.  Specifically, Soraya Teixeira is a resident of the State of New York.  GEICO General Insurance Company is a Maryland corporation, with its principal place of business located in the State of Maryland.  Upon information and belief, the plaintiffs are New York residents.  The plaintiffs and each of the defendants are thus completely diverse.  28 U.S.C. §§ 1332(a)(1); 1441(b).

5. As to the amount in controversy, plaintiff Kakui Leung claims breach of contract with regard to New York no-fault benefits, where the policy limit is $100,000.00

2

**JACKSON O'KEEFE, LLP** • *ATTORNEYS AND COUNSELORS AT LAW*
433 SILAS DEANE HIGHWAY • WETHERSFIELD, CT 06109 • (860) 278-4040 • JURIS NO. 44174

($50,000 for Basic Personal Injury Protection and $50,000.00 for Additional Personal Injury Protection).  The plaintiffs also assert claims for fraudulent misrepresentation and negligent misrepresentation, as well as violation of the Connecticut Unfair Trade Practices Act.  In addition to compensatory damages, they seek punitive damages and attorney's fees.

6. Also attached as a part of Exhibit A, in compliance with 28 U.S.C. §1446(a), are a complete compilation of pleadings received by the defendant to date in the State Court Action.

7. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of the date of service of process on the undersigned defendant.

8. Pursuant to 28 U.S.C. § 1446(b)(2)(A), GEICO General Insurance Company, through counsel, consents to the removal of this action to federal court.

9. The defendant is providing written notice of the filing of this Notice of Removal to the plaintiffs and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of Connecticut Judicial District of New London at New London, pursuant to 28 U.S.C. § 1446(d).

10. The removing defendant seeks removal subject to all of its defenses which may be available in the Connecticut Superior Court, including but not limited to lack of personal jurisdiction and lack of subject matter jurisdiction.

**WHEREFORE,** the undersigned defendant, Soraya Teixeira, requests that this action be removed from the Superior Court of the State of Connecticut Judicial District of New London at New London to the United States District Court for the District of Connecticut.

          **DEFENDANT: SORAYA TEIXEIRA**

BY   /s/18323
      Joseph M. Busher, Jr.
      Jackson O'Keefe, LLP
      433 Silas Deane Highway
      Wethersfield, CT 06109
      Phone (860) 278-4040
      Fax (860) 527-2500
      Fed. Bar # CT 18323
      JMBusher@jacksonokeefe.com

## **CERTIFICATION**

  This is to certify that a true and accurate copy of the foregoing was filed electronically on January 24, 2020 and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF system.

*Sent via email to:*
Kevin E. Dehghani
Dehghani & Associates, LLC
129 Church Street, Suite 225
New Haven, CT 06510
203-773-9513 (T)
203-773-1868 (F)
kdehghani@dehghanilaw.com
[*For Plaintiff*]

Glenn L. Formica, Esq.
Formica Williams, P.C.
195 Church Street, 11th Floor
New Haven, CT 06510
203-640-2882 (T)
203-787-6766 (F)
gformica@formicalaw.com
[*For Plaintiff*]

               BY  /s/18323
                 Joseph M. Busher, Jr.

# Exhibit A

**JACKSON O'KEEFE, LLP** • *ATTORNEYS AND COUNSELORS AT LAW*
433 SILAS DEANE HIGHWAY • WETHERSFIELD, CT 06109 • (860) 278-4040 • JURIS NO. 44174

# SUMMONS - CIVIL
JD-CV-1 Rev. 11-19
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information for ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.

**STATE OF CONNECTICUT
SUPERIOR COURT**
www.jud.ct.gov

Instructions are on page 2.

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 70 Huntington Street, New London, CT 06320 | (860) 443-5363 | 01/21/2020 |

| | G.A. | At (City/Town) | Case type code (See list on page 2) |
|---|---|---|---|
| [x] Judicial District [ ] Housing Session | Number: | New London | Major: C   Minor: 20 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| DEHGHANI & ASSOCIATES, LLC, 129 Church Street, Suite 225, New Haven, CT 06510 | 428374 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| (203) 773-9513 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. [x] Yes [ ] No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed): kdehghani@dehghanilaw.com

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: LEUNG, Kakui  Address: 306 Naughton Avenue, Staten Island, NY 10305 | P-01 |
| Additional plaintiff | Name: LEUNG, Rocky  Address: 306 Naughton Avenue, Staten Island, NY 10305 | P-02 |
| First defendant | Name: GEICO General Insurance Company  Address: C/O AFS: Andrew Mais, CT Insurance Commissioner, 153 Market Street, Hartford, CT 06103 | D-01 |
| Additional defendant | Name: TEIXEIRA, Soraya  Address: 750 Woodbury Road, Woodbury, NY 11797 | D-02 |
| Additional defendant | Name:  Address: | D-03 |
| Additional defendant | Name:  Address: | D-04 |

| Total number of plaintiffs: 2 | Total number of defendants: 2 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | [x] Commissioner of Superior Court [ ] Clerk | Name of person signing |
|---|---|---|---|
| 12/19/2019 | | | Kevin E. Dehghani, Esq. |

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

**For Court Use Only**
File Date

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

Print Form   Page 1 of 2   Reset Form

| | | |
|---|---|---|
| RETURN DATE: JANUARY 21, 2020 | : | SUPERIOR COURT |
| KAKUI LEUNG & ROCKY LEUNG | : | J.D. OF NEW LONDON |
| VS. | : | AT NEW LONDON |
| GEICO GENERAL INSURANCE COMPANY & SORAYA TEIXEIRA | : | DECEMBER 19, 2019 |

## COMPLAINT

### COUNT I – BREACH OF CONTRACT BY BOTH PLAINTIFFS AGAINST THE DEFENDANT GEICO INSURANCE

1. At all times relevant herein, the Plaintiff, Kakui Leung, was an individual residing in the Borough of Staten Island, and the State of New York.

2. At all times relevant herein, the Plaintiff, Rocky Leung, was an individual residing in the Borough of Staten Island, and the State of New York.

3. At all times herein GEICO General Insurance Company ("GEICO") was an insurance company engaged in issuing auto insurance policies in the State of Connecticut and the State of New York and engaged in business in the State of Connecticut.

4. At all times relevant herein, the Defendant, Soraya Teixeira ("Teixeira") was an employee of the Defendant GEICO, and engaged in handling personal injury and no fault claims on behalf of GEICO as its agent and employee, and acted in her capacity as an agent, employee, and servant of GEICO.

5.      At all times relevant herein, the Plaintiff Rocky Leung was insured under an automobile insurance policy with the Defendant GEICO insurance under policy number 4260228764 ("Policy").

6.      Under the Policy, Defendant GEICO was under contractual obligation to provide payment for Plaintiff Kakui Leung's medical treatment under New York no fault laws.

7.      On or about June 20, 2019 the Plaintiff Kakui Leung was involved in a motor vehicle accident in Norwich, Connecticut ("MVA") where he sustained personal injuries.

8.      Using the GEICO Application on his smartphone ("GEICO App"), the Plaintiff, Rocky Leung, who is the Plaintiff Kakui Leung's son, reported, in writing, the details and circumstances of the MVA, including the time, location, and date of the accident to GEICO on the same day of the accident, June 20, 2019.

9.      GEICO accepted that report of the MVA and assigned claim number 0440650380101030 to the report of the MVA ("claim number").

10.     On July 5, 2019, using an official GEICO email account, Defendant Teixeira emailed the Plaintiff Rocky Leung, confirming the receipt of the claim and stated, "there is no additional information needed at this time."

11.     The Plaintiff, Kakui Leung, then received medical care for the injuries that he suffered in the MVA, including a surgery, at all times being under the impression and understating, based on the representations made by Defendants GEICO and Teixeira

that they had received notice of the claim and that "no further documentation" was required of him for GEICO to pay for his medical treatment as GEICO was contractually obligated to do so under the language of the Policy.

12.     The Plaintiff Kakui Leung provided the claim number to his healthcare providers so that they could bill GEICO for the treatment he received.

13.     From the time of the reporting of the July 5, 2019 email of Defendant Teixeira until on or about September 23, 2019, the Defendants GEICO and Teixeira took no further action on the claim.

14.     On or about September 23, 2019, for the first time, Defendants GEICO and Teixeira took action on the claim for the first time by sending a letter to a health care provider asking for medical records and other information so that it could provide payment. A copy of that letter was sent to the Plaintiff Rocky Leung.

15.     In the beginning of October, 2019, Defendant Teixeira contacted the Plaintiff for the first time and asked for a written notice of the personal injury claim, even though she had previously said in writing, within the thirty (30) after the MVA, that she had received notice of the claim and that "no further documentation was required" from the Plaintiff with regard to the claim. She also asked for proof that Plaintiff Kakui Leung was residing at the New York address at the time of the MVA.

16.     In order to further assist the processing of the claim, on October 10, 2019, the Plaintiffs provided Defendants GEICO and Teixeira with a requested form and also with proof that the Plaintiff Leung was residing in New York at the time of the accident.

17. On or about October 10, 2019, in a telephone call with Plaintiffs' counsel raised, for the first time, an issue with receiving written notice of the MVA claim within a thirty (30) day period, specifically claiming that the written submission of the claim with the GEICO APP is not considered written notice, despite public advertising that suggested otherwise. She also dismissed her own written email of July 5, 2019 acknowledging receipt of the claim and stating that "no further documentation" was required by saying that she was on vacation when that email was sent, even though the email came through an official GEICO account and was specifically signed by her.

18. The Plaintiffs then, through counsel, wrote Defendant Teixeira on October 17, 2019 reminding her that the Plaintiffs had provided her with written notice of the claim through the App, and that she had acknowledged the receipt of the claim via the July 5, 2019 email. In that letter, the Plaintiffs' counsel also provided Defendants GEICO and Teixeira with Connecticut case law on the matter.

19. Despite of all of the above-mentioned exchanges, and her specific acknowledgement of the receipt of the claim, and her own failure to process this claim or to take any action on the same for more than three months, Defendant Teixeira, acting as an agent of GEICO, denied the Plaintiff's personal injury claim stating that the Plaintiff Kakui Leung had failed to provide "…written notice setting forth details sufficient to identify the eligible person, along with reasonably obtainable information regarding the time, place and circumstances of the accident…," despite the fact that the

...

Plaintiffs had provided that exact information in writing via the GEICO App, as acknowledged by Defendant Teixeira herself.

20. Defendants GEICO and Teixeira have since denied all medical claim payments related to the MVA.

21. On November 11, 2019, the Plaintiffs, through counsel, demanded that Defendants GEICO and Teixeira provide the Plaintiffs with a complete copy of all documents related to the MVA claim. The Defendants have failed to do so.

22. GEICO does not provide a disclaimer on its GEICO App that would decline such notice as notice under its policy.

23. The conduct of the Defendant GEICO, through its agent, as mentioned above, constitutes a breach of its contract of insurance under the terms of the Policy.

24. As a result of the wrongful actions of Defendant GEICO as above mentioned, the Plaintiffs have suffered from financial loss in that his substantial medical bills have not been paid by GEICO and have now become his personal responsibility. Moreover he has lost an opportunity to recover for his personal injuries.

## COUNT II – FRAUDULENT MISREPRESENTATION BY PLAINTIFF KAKUI LEUNG AGAINST DEFENDANT TEIXEIRA

1-22. Paragraphs 1-22 of Count I are hereby incorporated and are made Paragraphs 1-20 of this, Count II.

23. Defendant Teixeira's representations, that were made in her capacity as an agent, employee and servant of GEICO, that she required no further documentations to

process the no fault claim, that she did not receive "…written notice setting forth details sufficient to identify the eligible person, along with reasonably obtainable information regarding the time, place and circumstances of the accident…," and her claims of attempting to process the claim within the 30 days period, and her inaction on this claim for more than three months from the time she received written notice through the GEICO App were all false.

24. In reliance on Defendant Teixeira's misrepresentations, the Plaintiff Kakui Leung was damaged in that his medical bills were not paid, and he now has to pay those medical bills out of pocket.

25. Defendant Teixeira's material misrepresentations of fact were made knowingly, willingly and intentionally, and Defendants are liable for fraudulent misrepresentation as a result, therefore.

26. As a result of the wrongful actions of Defendant Teixeira as above mentioned, the Plaintiffs have suffered from financial loss in that his substantial medical bills have not been paid by GEICO and have now become his personal responsibility. Moreover the Plaintiff has lost an opportunity to recover for his personal injuries.

### COUNT III – NEGLIGENT MISREPRESENTATION BY PLAINTIFF KAKUI LEUNG AGAINST DEFENDANT TEIXEIRA

1-22. Paragraphs 1-20 of Count I are hereby incorporated and are made Paragraphs 1-22 of this, Count III.

23. At all times hereto, Defendant Teixeira, new or should have known that her representations regarding notice was incorrect.

24. At all times hereto, Defendant Teixeira, owed a duty care and honesty to provide correct and accurate information to its policy holders.

25. Defendant Teixeira was negligent in any one or all of the following ways:

   A. In that she provided Plaintiff Kakui Leung incorrect information regarding his duty of notice under the policy;

   B. In that she failed to properly advise Plaintiff Kakui Leung that the GEICO App did not constitute notice under the policy when in the exercise of reasonable diligence, she knew or should have known such information was necessary for protection of his claim;

   C. In that she failed to advise him that the public advertising of the GEICO App was not intended to replace a separate notice policy under the claim.

26. As a direct and proximate result of the negligent actions of Defendant Teixeira as above mentioned, the Plaintiffs have suffered from financial loss in that his substantial medical bills have not been paid by GEICO and have now become his personal responsibility. Moreover, the Plaintiff has lost an opportunity to recover for his personal injuries.

### COUNT IV – VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT ("CUTPA"), CONN. GEN. STAT. 42a-110b BY BOTH PLAINTIFFS AGAINST BOTH DEFENDANTS

1-22.  Paragraphs 1-20 of Count I is hereby incorporated and are made Paragraphs 1-22 of this, Count III.

23.  Defendants' denial of the Plaintiff Kakui Leung's personal injury claim under Plaintiff Rocky Leung's policy is a part of pattern of conduct by the Defendants wherein they improperly deny similar claimants' legitimate claims by inappropriate and false representations in order to avoid payment for those claims.

24.  Defendants have engaged in false advertising of its GIECO App. leading a reasonable consumer to believe that notice of an accident may be made through its GIECO App.

25.  Defendants' conduct, as above mentioned, also constitutes an unfair insurance practice under Conn. Gen. Stat. § 38a-816.

26.  Additionally, Defendants' conduct as above mentioned constitutes a violation of New York Insurance Law, § 5106, Fair Claims Settlement.

27.  Defendants' conduct as set forth in paragraphs 1-24 constitute a violation of Connecticut Unfair Trade Practices Act, Conn. Gen. State. § 42a-110b, *et. seq.*

28.  Defendants claim, punitive damages, costs, prejudgment interest, and reasonable attorney fees under Conn. Gen. Stat. § 42a-110b, *et. seq.*

-8-

**WHEREFORE**, the Plaintiffs claim:

1. Money Damages;

2. Punitive Damages;

3. Attorneys' Fees;

4. Costs;

5. Such further and equitable relief as the court may deem proper and appropriate.

Dated at New Haven, Connecticut, this 19th day of December, 2019.

THE PLAINTIFFS, KUKAI LEUNG &
ROCKY LEUNG

BY_____
Kevin E. Dehghani, Esq.
**DEHGHANI & ASSOCIATES, LLC**
129 Church Street, Suite 225
New Haven, CT 06510
Tel.: 203-773-9513
Juris No. 428374
THEIR ATTORNEY

| | |
|---|---|
| RETURN DATE: JANUARY 21, 2020 | : SUPERIOR COURT |
| KAKUI LEUNG & ROCKY LEUNG | : J.D. OF NEW LONDON |
| VS. | : AT NEW LONDON |
| GEICO GENERAL INSURANCE COMPANY & SORAYA TEIXEIRA | : DECEMBER 19, 2019 |

## STATEMENT RE: AMOUNT IN DEMAND

The Plaintiffs, KUKAI LEUNG & ROCKY LEUNG, claims monetary damages in excess of FIFTEEN THOUSAND ($15,000.00) DOLLARS, exclusive of interest and costs.

                               THE PLAINTIFFS, KUKAI LEUNG & ROCKY LEUNG

                               BY_____
                                 Kevin E. Dehghani, Esq.
                             **DEHGHANI & ASSOCIATES, LLC**
                             129 Church Street, Suite 225
                             New Haven, CT 06510
                             Tel.: 203-773-9513
                             Juris No. 428374
                             THEIR ATTORNEY

STATE OF CONNECTICUT:
                          : ss: HARTFORD          DECEMBER 23, 2019
COUNTY OF HARTFORD :

    Then and by virtue hereof, and by direction of the Plaintiff's Attorney, I made due and legal service upon the within named defendant **GEICO GENERAL INSURANCE COMPANY,** by leaving two (2) verified true and attested copies of the original WRIT, SUMMONS, COMPLAINT AND STATEMENT RE: AMOUNT IN DEMAND, with my doings thereon endorsed, with and in the hands of ASHLEY DELILLO, at the office of ANDREW MAIS, INSURANCE COMMISSIONER OF THE STATE OF CONNECTICUT, at least twelve (12) days before the session of the Court to which this writ is returnable. Said Insurance Commissioner is the duly authorized Agent and Attorney to accept service for the within named defendant **GEICO GENERAL INSURANCE COMPANY,** in the said town of HARTFORD, County of Hartford.

    The within is the original WRIT, SUMMONS, COMPLAINT AND STATEMENT RE: AMOUNT IN DEMAND, with my doings thereon endorsed.

| | | |
|---|---|---|
| Pd. Ins. Comm. | $ 50.00 | ATTEST: |
| Verified pages | 22.00 | |
| Endorsements | 2.80 | KEITH NIZIANKIEWICZ |
| Service | 40.00 | CT STATE MARSHAL |
| Travel | 12.00 | HARTFORD COUNTY |
| Total | $126.80 | |

**KEITH D. NIZIANKIEWICZ**
*Connecticut State Marshal*
P.O. BOX 280867 • EAST HARTFORD, CONNECTICUT 06128-0867 • OFFICE: (860) 610-0295

| AFFIDAVIT OF SERVICE | Index #: |
|---|---|
| SUPERIOR COURT J.D. OF NEW LONDON AT NEW LONDON STATE OF CONNECTICUT | Date Filed: |
| | AOS Filed: |
| | Court Date: January 21, 2020 |
| | File No.: |

ATTORNEY(S): Dehghani & Associates, LLC Kevin E. Dehghani, Esq.
ADDRESS: 129 Church Street, Suite 225 New Haven, CT 06510 PH:(203) 773-9513

**KAKUI LEUNG & ROCKY LEUNG,**

vs

Plaintiff

**GEICO GENERAL INSURANCE COMPANY & SORAYA TEIXEIRA,**

Defendant

STATE OF NEW YORK, COUNTY OF NASSAU SS.:

_____ELHAM SHATARA_____, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in New York State. On December 27, 2019 at 1:06 PM at 70 W OAK STREET, FARMINGDALE, NY 11735 , deponent served the within **Summons and Complaint**

with Index Number _____, and Date Filed _____ endorsed thereon,
on: **SORAYA TEIXEIRA** , **Defendant** therein named.

#1 INDIVIDUAL [X] By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

#2 CORP./ENTITY [ ] By delivering to and leaving with who indicated they were authorized to accept service on behalf of the Corporation/Entity.

#3 SUITABLE AGE PERSON [ ] By delivering a true copy of each to - a person of suitable age and discretion. Said premises is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

#4 AFFIXING TO DOOR [ ] By affixing a true copy of each to the door of said premises, which is recipient's: [ ] actual place of business [ ] dwelling house (place of abode) within the state.

Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat on

#5 MAIL COPY [ ] On _____, deponent completed service under the last two sections by depositing a copy of the _____ to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

#6 NON-SRVC [ ] After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following: [ ] Unknown at Address [ ] Evading [ ] Moved left no forwarding [ ] Address does not exist [ ] Other:

**Attempts**

#7 DESCRIPTION [X] A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
(use with #1, 2 or 3) Sex Female Color of skin White Color of hair Brown Age 21 - 35 Yrs. Height 5ft0in - 5ft3in
Weight 100-130 Lbs. Other Features:

#8 WIT. FEES [ ] $ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

#9 MILITARYSRVC [X] Deponent asked person spoken to whether the defendant was presently in military service of the United States Government or of the State of New York and was informed that defendant was not.

#10 OTHER [ ]

Sworn to before me on this 30th day of December , 2019

STEVEN M SHURGIN
NOTARY PUBLIC, State of New York
No. 01SH6190498, Qualified in Nassau County
Commission Expires July 28, 2020

STEPHANIE GALLIGAN
NOTARY PUBLIC, State of New York
No. 01GA6190672, Qualified in Nassau County
Commission Expires July 28, 2020



ELHAM SHATARA
Server's Lic #2067483
Work Order # 1122160

CAPITAL PROCESS SERVERS, INC. 265 POST AVENUE, STE. 150, WESTBURY, NY 11590 TEL 516-333-6380 FAX 516-333-6382

NYC DCA LIC. # 1381942